**Robert Michael FUSON, Petitioner—Appellant,**

v.

**James E. TILTON, Secretary, California Department of Corrections, Respondent—Appellee.**

No. 07–56631.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 2008.

Filed Dec. 29, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Steven Schorr, Esquire, San Diego, CA, for Petitioner–Appellant.

Atty. Gen Cas, Esquire, Lynne G. Mcginnis, Randall D. Einhorn, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: NOONAN, SILVERMAN and BEA, Circuit Judges.

## MEMORANDUM *

Robert Fuson appeals the district court's order denying his petition for a writ of habeas corpus. Fuson is serving a 90–year sentence imposed by a California court after he was convicted of twenty counts of committing a lewd act upon a child. *See* Cal.Penal Code § 288(a). In a certified issue, Fuson contends his conviction was obtained in violation of his Fifth Amendment rights to counsel and against self-incrimination. Raising an uncertified issue, Fuson also contends his conviction was obtained in violation of his Sixth Amendment right to confrontation. We affirm.

The admission at trial of Fuson's incriminating statements to police did not violate Fuson's *Miranda* rights. The California courts' conclusion Fuson was not in custody during his interview was not "contrary to" or an "unreasonable application of" clearly established federal law. *See* 28 U.S.C. § 2254. Though some facts present here suggest Fuson was in custody, Fuson came to the interview without police compulsion and police repeatedly assured Fuson he was not under arrest and could terminate the interview at any time. *See Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (per curiam). Fairminded jurists could disagree, given these conflicting indications, whether a reasonable person in Fuson's position would have felt free to terminate the interview and leave. In such situation, we are not free to substitute our judgment for that of the state courts. *Yarborough v. Alvarado,* 541 U.S. 652, 663–65, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004).

The court treats the briefing of an uncertified issue on appeal as a motion to expand the certificate of appealability. *King v. Schriro,* 537 F.3d 1062, 1074–75 & n. 39 (9th Cir.2008). Because we do not find the district court's resolution of Fu-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

son's Sixth Amendment claims to be "debatable or wrong," we decline to expand the certificate. *See id.*

**AFFIRMED.**

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.